2017-CI-18604            5:17-cv-1118

| | | |
|---|---|---|
| **IVAN CUADRADO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **224th JUDICIAL DISTRICT** |
| | § | |
| **FRONTIER AIRLINES, INC.,** | § | |
| | § | |
| **Defendant.** | § | **BEXAR COUNTY, TEXAS** |

## INDEX OF STATE COURT PLEADINGS

| **EXHIBIT** | **DESCRIPTION** | **DATE** |
|---|---|---|
| A. | Plaintiff's Original Petition | 09/26/17 |
| *N/A* | Service Assigned to Clerk | 09/26/17 |
| *N/A* | Request for Service | 09/27/17 |
| B. | Return of Service | 10/13/17 |
| C. | Written Request for Copies | 11/02/17 |
| D. | State Court Docket Detail | 11/02/17 |



# Notice of Service of Process

null / ALL
Transmittal Number: 17227217
Date Processed: 10/05/2017

| | |
|---|---|
| **Primary Contact:** | Jacalyn Peter<br>Frontier Airlines, Inc.<br>Frontier Center One<br>7001 Tower Road<br>Denver, CO 80249-7312 |
| **Electronic copy provided to:** | Howard Diamond<br>Shannon Muir |
| **Entity:** | Frontier Airlines, Inc.<br>Entity ID Number  0485700 |
| **Entity Served:** | Frontier Airlines Inc |
| **Title of Action:** | Ivan Cuadrado vs. Frontier Airlines, Inc |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2017-CI-18604 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 10/03/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | David A. Parent<br>210-819-4111 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT A

CERTIFIED MAIL #70162070000075208526

Case Number: 2017-CI-18604

2017CI18604 S00001

**IVAN CUADRADO**

**vs.**

**FRONTIER AIRLINES INC**

(Note: Attached document may contain additional litigants).

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**"THE STATE OF TEXAS"**

**DIRECTED TO:**   FRONTIER AIRLINES INC

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE FL 32301-2525

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION, a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION was filed on the 26th day of September, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 27TH DAY OF September A.D., 2017.

DAVID PARENT
ATTORNEY FOR PLAINTIFF
1807 SAN PEDRO AVE REAR
SAN ANTONIO, TX 78212-3602



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Christopher Morrow*, Deputy

---

IVAN CUADRADO
vs
FRONTIER AIRLINES INC

**Officer's Return**

Case Number: 2017-CI-18604
Court: 224th Judicial District Court

Came to hand on the 27th day of September 2017, A.D., at 3:59 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20_____, by deilvering to: _____ at 1201 HAYS STREET TALLAHASSEE FL 32301-2525 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION.

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, TX
By: *Christopher Morrow*, Deputy

ORIGINAL (DK003)

FILED
9/26/2017 5:07 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

Case 5:17-cv-01118-OLG   Document 1-3   Filed 11/02/17   Page 4 of 19

citpps sac1

NO. **2017CI18604**

| | | |
|---|---|---|
| IVAN CUADRADO | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | **224** JUDICIAL DISTRICT |
| | § | |
| FRONTIER AIRLINES, INC. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES IVAN CUADRADO (hereinafter "Plaintiff" or "Mr. Cuadrado"), complaining of and about FRONTIER AIRLINES, INC., (hereinafter "Defendant" or "Frontier Airlines"), and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3 pursuant to Texas Rules of Civil Procedure 190 and 190.3.

### PARTIES AND SERVICE

2. Plaintiff is a resident of San Antonio, Bexar County, Texas. Plaintiff may be served by serving the undersigned attorney of record.

3. Defendant, Frontier Airlines, Inc. is incorporated and headquartered in Colorado and operates in the State of Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company, at 1201 Hays Street, Tallahassee, Florida 32301-2525.

### JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction pursuant to Section 17.042 of the Texas Civil Practice and Remedies Code.

1

6. Venue in Bexar County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

7. This lawsuit is based on the outrageous conduct of Frontier Airlines on September 12, 2016, when Defendant targeted Mr. Cuadrado as a "security risk" because he chooses to wear makeup and accessories culturally associated with women, removed Mr. Cuadrado from a flight, humiliated him, and denied him rightful compensation under contract and applicable law.

8. On Monday, September 12, 2016, Mr. Cuadrado arrived at Ronald Reagan National Airport and checked in for Flight 723, scheduled to depart Washington, D.C. at 1:53 p.m. and arrive in Denver, Colorado. Mr. Cuadrado had a connecting flight to San Antonio, Texas. Mr. Cuadrado spent the preceding weekend in Washington, D.C. attending a function sponsored by the Imperial Court of Washington, D.C., a 501(c)(3) nonprofit organization that promotes social and charitable events for the LGBTQ community and raises money for local charities.

9. Mr. Cuadrado waited at the gate with his one carry-on item: an orange makeup bag that contained Mr. Cuadrado's accessories for the Imperial Court event, including his cosmetics, his blonde wig, and his crown. Mr. Cuadrado also had a small bag, which he gate-checked. On a few occasions, in view of other passengers, Mr. Cuadrado opened his makeup bag while waiting to board his flight. Mr. Cuadrado was dressed in a red, white and blue shirt and casual athletic pants.

10. Mr. Cuadrado boarded the aircraft and took seat 19F, a window seat. Mr.

Cuadrado did not speak to anyone while boarding the flight or while waiting in his seat, nor did he leave his seat at any time. Seat 19D, the aisle seat in Mr. Cuadrado's row, was occupied. A woman boarded the aircraft and took the middle seat next to him, seat 19E, but, about one minute later, she abruptly stood up and exited the aircraft.

11. Approximately five minutes after the woman in seat 19E de-boarded, the gate agent boarded the airplane and approached Mr. Cuadrado. She asked Mr. Cuadrado to accompany her, and he complied. She led Mr. Cuadrado off of the airplane and into the jet bridge, where she asked him if he had his ticket for his checked luggage. He answered that he did, and he asked what was happening. The gate agent did not respond. The gate agent led Mr. Cuadrado to the counter at the gate area. Mr. Cuadrado again asked the agent why he was led off of the airplane. He received no response. Mr. Cuadrado then noticed that his gate-checked bag was taken off of the airplane and that the airplane had begun to pull away from the gate.

12. Mr. Cuadrado asked again what was happening and the gate agent responded that a flight attendant and the pilot told her that he was a "security risk." She told Mr. Cuadrado that she needed to interview him. She asked him whether he knew the woman who sat next to him and who de-boarded the airplane. Mr. Cuadrado denied knowing her. She asked what Mr. Cuadrado did after the woman de-boarded the airplane. Mr. Cuadrado replied that he did nothing. The gate agent asked if he heard what the woman seated in 19D told the flight attendant. He replied that he did not. Coincidentally, the woman who de-boarded the airplane appeared at the gate area during the middle of the interview and explained that she left abruptly because she was ill. Mr. Cuadrado's removal from the airplane and interview lasted over an hour.

13. The gate agent then told Mr. Cuadrado that Frontier Airlines would re-book him

3

on a different flight to San Antonio. Mr. Cuadrado waited an hour and a half. Finally, the gate agent told Mr. Cuadrado that he had been booked on American Airlines Flight 1079, departing at 5:30 p.m.

14. Mr. Cuadrado picked up his ticket for Flight 1079 at the American Airlines ticket counter. He proceeded to the departure gate, but was denied boarding because, as he was told in the presence of other waiting passengers, the credit card used to buy the ticket (not Mr. Cuadrado's) was "declined due to fraud." Mr. Cuadrado was embarrassed and humiliated.

15. Exasperated, Mr. Cuadrado located two Frontier managers, Tsegaye Tedbab and Yodit Debass. They agreed to put Mr. Cuadrado on a flight the next day and to pay for Mr. Cuadrado's hotel accommodations for the evening. However, they could not locate a hotel room in the D.C. area within Frontier Airlines's expense limit of $150.00 per night. They promised to reimburse Mr. Cuadrado for his hotel expenses. Mr. Tedbab signed a statement affirming that Frontier would refund the hotel costs by mailing a check to Mr. Cuadrado's address.

16. Frontier Airlines targeted Mr. Cuadrado for removal from the airplane because it was obvious that he chooses to wear makeup and accessories culturally associated with women. This does not constitute suspicious behavior. Mr. Cuadrado, who politely and quietly took his seat, wearing ordinary, casual clothing, did not manifest any behavior that would warrant his removal from the airplane. Nevertheless, Frontier Airlines deemed him a "security risk," and subjected him to the humiliation and shame described above. Mr. Cuadrado has sought counseling as a result of the demeaning treatment by Frontier Airlines. Mr. Cuadrado was forced to use a vacation day at work because of the delay in returning home. To add insult to injury, Frontier Airlines has not reimbursed, or offered to reimburse, Mr. Cuadrado for the full cost of his hotel stay, notwithstanding his request for payment.

## COUNT ONE: VIOLATION OF 49 U.S.C. § 40127

17. Mr. Cuadrado re-alleges and incorporates by reference the facts contained in the previous paragraphs as if fully set forth herein.

18. 49 U.S.C. § 40127 prohibits air carriers from "subject[ing] a person in air transportation to discrimination on the basis of . . . sex[.]"

19. Defendant is an "air carrier" within the meaning of 49 U.S.C. § 40127(a).

20. Employees of Frontier Airlines—to wit, the pilot, flight crew, and gate agent—acting within the scope of their employment, discriminated against Mr. Cuadrado, a man, by identifying him as a "security risk" because he carried with him makeup and accessories culturally associated with women, denying him passage, and subjecting him to the demeaning treatment described hereinabove.

21. Frontier Airlines is liable for the unlawful acts of its agents and employees under the doctrine of *respondeat superior*.

## COUNT TWO: NEGLIGENCE

22. Mr. Cuadrado re-alleges and incorporates by reference the facts contained in the previous paragraphs as if fully set forth herein.

23. Employees of Frontier Airlines—to wit, the pilot, flight crew, and gate agent—acting within the scope of their employment, failed to properly assess whether Mr. Cuadrado was a "security risk" before making the determination to remove him from the plane. Nothing of Mr. Cuadrado's behavior manifested a "security risk" in any way.

24. The acts or omissions of the Frontier Airlines employees constitute negligence, and said conduct is the proximate cause of Mr. Cuadrado's injuries and damages.

25. Frontier Airlines is liable for the unlawful acts of its agents and employees under

the doctrine of *respondeat superior*.

## COUNT THREE: BREACH OF CONTRACT

26. Mr. Cuadrado re-alleges and incorporates by reference the facts contained in the previous paragraphs as if fully set forth herein.

27. Plaintiff entered into a valid, enforceable contract with Frontier Airlines's agent for compensation for his hotel accomodations.

28. Frontier Airlines is liable for the acts of its agents and employees under the doctrine of *respondeat superior*.

29. Plaintiff performed all obligations under the contract.

30. Defendant breached the contract by not paying for Plaintiff's hotel charges.

31. Defendant's breach has caused the Plaintiff injuries.

## COUNT FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Mr. Cuadrado re-alleges and incorporates by reference the facts contained in the previous paragraphs as if fully set forth herein.

33. The acts of Frontier Airlines's agents and employees, as described above, inflicted severe mental and emotional distress upon Mr. Cuadrado. Frontier Airlines's agents and employees knew that such conduct would inflict subject Mr. Cuadrado to severe emotional distress.

34. Defendant's conduct was extreme and outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized society.

35. Defendant's conduct proximately caused Mr. Cuadrado damages in that it caused him suffer severe emotional distress. In particular, Defendant's conduct was the direct and

proximate cause of severe mental pain and anguish. Mr. Cuadrado's emotional distress has been severe in that he has suffered from anxiety attacks, depression, loss of sleep and loss of appetite, and has sought counseling.

36. Frontier Airlines is liable for the acts of its agents and employees under the doctrine of *respondeat superior*.

## AGENCY

37. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Frontier Airlines occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

38. Said Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## DAMAGES

39. Plaintiff requests recovery of economic damages. Plaintiff further requests recovery of pre-judgment interest and post-judgment interest at the statutory rate or at such other rate as is set by this Court. Pleading further, and alternatively, if necessary, Defendant is guilty of misconduct which was committed knowingly, intentionally, maliciously, wantonly, fraudulently, and in reckless and callous disregard of the legitimate rights of the Plaintiff so far as to justify the imposition of exemplary damages. Plaintiff seeks recovery of such exemplary damages from Defendant.

## ATTORNEY'S FEES

40. Request is made for all costs and reasonable and necessary attorney's fees

incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code and common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

THE PARENT LAW FIRM PLLC
1807 San Pedro - Rear
San Antonio, Texas 78212
Tel: (210) 819-4111
Fax: (210) 200-6310

By: _____
DAVID A. PARENT
State Bar No. 24081082
david@parent-law.com
ROBERT W. PIATT III
State Bar No. 24041692
bob@parent-law.com
Attorneys for Respondent

  

Case 5:17-cv-01118-OLG   Document 1-3   Filed 11/02/17   Page 12 of 19

**Donna Kay M$^c$Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
SAN ANTONIO, TEXAS 78205

RETURN SERVICE REQUESTED

CERTIFIED MAIL

7016 2070 0000 7520 8526

FRONTIER AIRLINES INC
C/O CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

2017CI18604  9/27/2017  CJTCM  CHRISTOPHER MORROW

U.S. POSTAGE ≫ PITNEY BOWES
ZIP 78207  $ 006.77
02 4W
0000350931 SEP. 29. 2017

CERTIFIED MAIL #70162070000075208526



Case Number: 2017-CI-18604

2017CI18604 S00001

**IVAN CUADRADO**

vs.

**FRONTIER AIRLINES INC**

(Note: Attached document may contain additional litigants).



**CITATION**

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:** FRONTIER AIRLINES INC

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE FL 32301-2525

FILED
14 O'CLOCK P M
OCT 1 3 2017
DONNA KAY M<sup>C</sup>KINNEY
District Clerk, Bexar County, Texas
BY _____
DEPUTY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION was filed on the 26th day of September, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 27TH DAY OF September A.D., 2017.

DAVID PARENT
ATTORNEY FOR PLAINTIFF
1807 SAN PEDRO AVE REAR
SAN ANTONIO, TX 78212-3602

**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Christopher Morrow*, Deputy

---

IVAN CUADRADO
vs
FRONTIER AIRLINES INC

**Officer's Return**

Case Number: 2017-CI-18604
Court: 224th Judicial District Court

Came to hand on the 27th day of September 2017, A.D., at 3:59 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the ___3___ day of _October_ 20 _17_, by deilvering to: _Kara Stover_ at 1201 HAYS STREET TALLAHASSEE FL 32301-2525 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION .

Cause of failure to execute this Citation is _____.



**Donna Kay M<sup>c</sup>Kinney**
Clerk of the District Courts of
Bexar County, TX
By: *Christopher Morrow*, Deputy

EXHIBIT B

RETURN TO COURT (DK003)

DOCUMENT SCANNED AS FILED



| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Kara Stover_ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) _Kara Stover_ C. Date of Delivery _10/3/17_ |
| 1. Article Addressed to:<br>FRONTIER AIRLINES INC<br>C/O CORPORATION SERVICE COMPANY<br>1201 HAYS STREET<br>TALLAHASSEE, FL 32301-2525<br><br>-20170118604- 9/27/2017  C1TCM  CHRISTOPHER MORROW | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 3026 7124 9805 67 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery Mail<br>Mail Restricted Delivery<br>(over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7016 2070 0000 7520 8526 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053   SCANNED AS FILED   Domestic Return Receipt



USPS TRACKING #

9590 9402 3026 7124 9805 67

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

2017 OCT 13 P 1:41

DONNA KAY McKINNEY
BEXAR COUNTY
DISTRICT CLERK

BY_____ DEPUTY

FILED
11/2/2017 10:19 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Roxanne Araiza

**HEATHER M. NEWBY**
PARALEGAL

Direct Line 512.225.5807 • Direct Fax 512.225.5827
Email hnewby@smith-robertson.com

November 2, 2017

<u>**VIA E-FILE**</u>

Bexar County District Clerk
224th Judicial District

    Re:    Cause No. 2017CI18604; *Ivan Cuadrado v. Frontier Airlines*; In the 224th Judicial District Court of Bexar County

Dear Sir or Madam:

    Please accept this correspondence as a written request for a copy of the Return of Service filed October 13, 2017 in the above-referenced matter. **Please email the document to hnewby@smith-robertson.com or fax it to 512-225-5838**.

    Our **deadline to file a removal is today** so if there is any way to expedite this request it would be much appreciated. Thank you in advance for your courtesies.

Best Regards,

*/s/ Heather M. Newby*

Heather M. Newby
Paralegal for Pat Comerford

cc:    Pat Comerford, Firm

EXHIBIT C



# Case #2017CI18604

**Name**: IVAN CUADRADO

**Date Filed** : 09/26/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 224

**Docket Type** : OTHER INJURY OR DAMAGE

**Business Name** :

**Style** : IVAN CUADRADO

**Style (2)** : vs FRONTIER AIRLINES INC

EXHIBIT D

# Case History

*Currently viewing 1 through 5 of 5 records*

| Sequence | Date Filed | Description |
| --- | --- | --- |
| P00004 | 11/2/2017 | LETTER TO DISTRICT CLERK<br>FR: HEATHER M. NEWBY |
| S00001 | 9/27/2017 | CITATION CERTIFIED MAIL<br>FRONTIER AIRLINES INC<br>ISSUED: 9/27/2017 RECEIVED: 9/27/2017<br>EXECUTED: 10/3/2017 RETURNED: 10/13/2017 |
| P00003 | 9/27/2017 | REQUEST FOR SERVICE AND PROCESS |
| P00002 | 9/26/2017 | SERVICE ASSIGNED TO CLERK 1 |
| P00001 | 9/26/2017 | PETITION |