**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IVAN CUADRADO, | § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 5:17-cv-01118-OLG |
| FRONTIER AIRLINES, INC. | § § | JURY DEMAND |
| Defendant. | § § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

Defendant Frontier Airlines, Inc. ("Frontier") files this Answer in response to the allegations contained in Plaintiff's Original Petition (the "Complaint") in the above-entitled and numbered cause, and in support hereof respectfully states as follows:

## I.   DISCOVERY CONTROL PLAN

1. As to the allegations contained in Paragraph 1 of the Complaint, Frontier would respectfully submit that discovery in this matter shall be conducted pursuant to the Federal Rules of Civil Procedure and this Court's Scheduling Order.

## II.   PARTIES AND SERVICE

2. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Original Petition. Therefore, the allegations are denied.

3. Frontier denies the allegations of Paragraph 3, except to admit that it is a Colorado corporation that conducts business, namely providing air travel transportation in Texas and has appeared in the above-entitled and numbered cause.

## III.   JURISDICTION AND VENUE

4.     The allegations contained in Paragraph 4 of the Original Petition are statements of jurisdiction and venue. Frontier admits this Court has jurisdiction over the allegations by Plaintiff and that venue is proper in this Court. But, Frontier denies any other factual allegations contained therein.

5.     The allegations contained in Paragraph 5 of the Original Petition are statements of jurisdiction and venue. Frontier admits this Court has jurisdiction over the allegations by Plaintiff and that venue is proper in this Court. But, Frontier denies any other factual allegations contained therein.

6.     The allegations contained in Paragraph 6 of the Original Petition are statements of jurisdiction and venue. Frontier admits this Court has jurisdiction over the allegations by Plaintiff and that venue is proper in this Court. But, Frontier denies any other factual allegations contained therein.

## IV.   FACTS

7.     Frontier denies the allegations contained in Paragraph 7 of the Original Petition.

8.     Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Original Petition. Therefore, the allegations are denied.

9.     Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Original Petition. Therefore, the allegations are denied.

10. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Original Petition. Therefore, the allegations are denied.

11. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Original Petition. Therefore, the allegations are denied.

12. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Original Petition. Therefore, the allegations are denied.

13. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Original Petition. Therefore, the allegations are denied.

14. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Original Petition. Therefore, the allegations are denied.

15. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Original Petition. Therefore, the allegations are denied.

16. Frontier denies the allegations of Paragraph 16 of the Original Petition.

## V.    CAUSES OF ACTION

### COUNT ONE: VIOLATION OF 49 U.S.C 40127

17. Frontier incorporates its responses in the foregoing paragraphs by reference.

18. To the extent that Paragraph 18 of the Original Petition requires a response, Frontier denies the allegations of Paragraph 18 of the Original Petition.

19. Frontier admits the allegations of Paragraph 19 of the Original Petition.

20. Frontier denies the allegations of Paragraph 20 of the Original Petition.

21. Frontier denies the allegations of Paragraph 21 of the Original Petition.

## COUNT TWO: NEGLIGENCE

22. Frontier incorporates its responses in the foregoing paragraphs by reference.

23. Frontier denies the allegations of Paragraph 23 of the Original Petition.

24. Frontier denies the allegations of Paragraph 24 of the Original Petition.

25. Frontier denies the allegations of Paragraph 25 of the Original Petition.

## COUNT THREE: BREACH OF CONTRACT

26. Frontier incorporates its responses in the foregoing paragraphs by reference.

27. Frontier denies the allegations of Paragraph 27 of the Original Petition.

28. Frontier denies the allegations of Paragraph 28 of the Original Petition.

29. Frontier denies the allegations of Paragraph 29 of the Original Petition.

30. Frontier denies the allegations of Paragraph 30 of the Original Petition.

31. Frontier denies the allegations of Paragraph 31 of the Original Petition.

## COUNT FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Frontier incorporates its responses in the foregoing paragraphs by reference.

33. Frontier denies the allegations of Paragraph 33 of the Original Petition.

34. Frontier denies the allegations of Paragraph 34 of the Original Petition.

35. Frontier denies the allegations of Paragraph 35 of the Original Petition.

36. Frontier denies the allegations of Paragraph 36 of the Original Petition.

### B. AGENCY

37. Frontier incorporates its responses in the foregoing paragraphs by reference.

38. Frontier denies the allegations of Paragraph 37 of the Original Petition.

39. Frontier denies the allegations of Paragraph 38 of the Original Petition.

### C. DAMAGES

40. Frontier incorporates its responses in the foregoing paragraphs by reference.

41. Frontier denies the allegations of Paragraph 39 of the Original Petition.

### D. ATTORNEY'S FEES

42. Frontier incorporates its responses in the foregoing paragraphs by reference.

43. Frontier denies the allegations of Paragraph 40 of the Original Petition.

### E. JURY TRIAL

44. Frontier hereby makes its own demand for a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred inasmuch as Plaintiff's fault in the causation of his claimed injuries was greater than the fault, if any, of Frontier.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's recovery in this action, if any, must be diminished by the amount of Plaintiff's comparative fault.

### THIRD AFFIRMATIVE DEFENSE

3. Any injuries sustained by Plaintiff were as a result of the negligence and/or intentional conduct of entities or persons over whom Frontier had no control.

**FOURTH AFFIRMATIVE DEFENSE**

4. Any amount that Plaintiff claims, as compensatory damages, are diminished proportionately by the fault of Plaintiff, and the fault of all others who caused or contributed to the harm alleged.

**FIFTH AFFIRMATIVE DEFENSE**

5. The Original Petition fails to state a claim upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**

6. If Plaintiff sustained injuries as alleged, such injuries were the result of intervening and/or superseding causes, and not Frontier's alleged acts or omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff failed to name a necessary party whose action and/or inactions caused or contributed to Plaintiff's alleged injuries and must be added as a party.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims against Frontier are barred inasmuch as Plaintiff assumed the risk of his own actions or inactions in causing his own injuries.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims against Frontier are barred by Plaintiff's failure to mitigate his claimed damages from this incident.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims may be preempted, either explicitly or implicitly, in whole or in part, by federal law, treaty or statute.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff failed to state a claim under 49 U.S.C. 40127.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff failed to show that he is a qualifying protected member of the group protected under 49 U.S.C. 40127.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. No reasonable modification existed or was available to meet Plaintiff's requirements for accommodation under 49 U.S.C. 40127.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are estopped under 49 U.S.C. 40127 by the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Frontier made a good faith effort to identify and provide a reasonable accommodation to Plaintiff pursuant to 49 U.S.C. 40127.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are estopped under 49 U.S.C. 40127 because the allegations against Defendant are outside the scope of the Act.

Frontier reserves the right to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and it reserves the right to amend its Answer and other pleadings to assert such additional defenses and third party claims.

**WHEREFORE**, Defendant Frontier Airlines, Inc. demands judgment dismissing the above-entitled and numbered cause, along with costs and disbursements, and further, awarding all such other and further relief as the Court shall deem just, equitable, and proper.

Dated: November 9, 2017

Respectfully submitted,

By: */s/ Patrick J. Comerford*
Patrick J. Comerford
State Bar No. 24096724

**SMITH ROBERTSON, LLP**
221 West Sixth Street, Suite 1100
Austin, Texas 78701
Telephone: (512) 225-5810
Telecopier: (512) 225-5838
Email: pcomerford@smith-robertson.com

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following, and I further certify that I have served the foregoing by email.

THE PARENT LAW FIRM PLLC
David A. Parent
Robert W. Piatt, III
1807 San Pedro - Rear
San Antonio, Texas 78212
*david@parent-law.com*
*bob@parent-law.com*