IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IVAN CUADRADO, | § § § § | |
| Plaintiff | | |
| v. | § § § | NO. 5:17-cv-01118-OLG |
| FRONTIER AIRLINES, INC., | § § | JURY DEMAND |
| Defendant/Third-Party Plaintiff | § § § | |
| v. | § § § | |
| AIRPORT TERMINAL SERVICES, INC., | § § § | |
| Third-Party Defendant. | § | |

**THIRD-PARTY COMPLAINT**

Defendant/Third-Party Plaintiff, Frontier Airlines, Inc. ("Frontier"), pursuant to Rule 14 of the Federal Rules of Civil Procedure, files this Third-Party Complaint (the "Complaint") against Airport Terminal Services, Inc. ("ATS") and would respectfully show the Court as follows:

**I.
JURISDICTION AND VENUE**

1. This Court has jurisdiction over the dispute between Ivan Cuadrado ("Plaintiff") and Frontier.

2. This Third-Party Complaint asserts that Third-Party Defendant, ATS, is liable to Frontier for the liability, if any, Frontier may owe to Plaintiff. The claims asserted in this Third-Party Complaint arise out of the same facts and circumstances as those of Plaintiff's Original Petition (ECF Nos. 1-3) filed by Plaintiff ("Plaintiff's Petition"), so that this Court may exercise supplemental jurisdiction over this third-party action under 28 U.S.C. §1367(a).

3. Plaintiff alleges violation of 49 U.S.C. §40127. Therefore, this Court has jurisdiction over the federal question raised by Plaintiff's Petition, as well.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391, in that Frontier is subject to personal jurisdiction with respect to the civil action in question.

## II.
## PARTIES

5. Plaintiff Ivan Cuadrado is a resident of Bexar County, Texas.

6. Frontier is an airline carrier doing business in Texas.

7. ATS is a Missouri corporation with a principal place of business located at 111 Westport Plaza Drive, Suite 400, St. Louis, Missouri 63146.

## III.
## PROCEDURAL BACKGROUND

8. Plaintiff's Petition (ECF Nos. 1-3) alleges damages arising out of discrimination, negligence, breach of contract and intentional infliction of emotional distress claims involving Frontier flight number 723 ("Flight 723") from Washington, D.C. to Denver, Colorado on Monday, September 12, 2016.

9. Plaintiff alleges that he was subjected to discrimination on the grounds he was removed from the flight because he was carrying "makeup and accessories culturally associated with women" (ECF Nos. 1-3).

10. Plaintiff alleges he was improperly identified as a "security risk" and improperly removed from the flight for further investigation (ECF Nos. 1-3).

11. Plaintiff alleges he had an enforceable contract with Frontier whereby Frontier was to provide Plaintiff with compensation and a hotel accommodation for his overnight stay after he was

removed from the flight on the day of alleged incident. Plaintiff further claims that such alleged contract was breached (ECF Nos. 1-3).

12. Plaintiff alleges that he suffered "severe mental and emotional distress" caused by the acts of individuals he interacted with on the day of the flight. Plaintiff alleges that such acts were "extreme and outrageous" and that the individuals involved "knew that such conduct would inflict subject [sic] Mr. Cuadrado to severe emotional distress" (ECF Nos. 1-3).

13. Plaintiff alleges further that he is entitled to exemplary damages, claiming Frontier's actions were "committed knowingly, intentionally, maliciously, wantonly, fraudulently, and in reckless and callous disregard" of Plaintiff's rights (ECF Nos. 1-3).

14. Frontier removed the case to this Court on November 2, 2017. The initial scheduling conference was held on January 5, 2018. The Scheduling Order (ECF No. 6) provides that any additional parties must be added by March 19, 2018.

### IV.
### FACTUAL BACKGROUND GIVING RISE TO THE THIRD-PARTY ACTION

15. Frontier had a contract with ATS to provide certain services for its customers on the day of the incident.[1] A copy of that 2013 contract (the "Contract") is attached to this Third-Party Complaint as Exhibit A.

16. The Contract incorporated by reference the 2008 Standard Ground Handling Agreement ("SGHA"), which is an industry standard agreement promulgated by the International Air Transport Association as a reference agreement of standard boilerplate provisions used and accepted industry-wide. See Exhibit B.

---

[1] Frontier hires contractors to provide "ground services" for its customers at all airports to which it flies, including Reagan International Airport ("DCA"). Frontier does not provide any ground services through its own personnel, and in fact, does not employ any full-time Frontier personnel at DCA at any time, including on the day of the incident.

17.     Pursuant to Section 2 of the Contract, ATS was responsible for "Passenger Services," which includes, but is not limited to, assisting "passengers when flights are interrupted, delayed or cancelled," handling "denied boarding process" and "denied boarding compensation," as well as "manag[ing] the boarding process." *See* Exhibit A at p. 4.

18.     Pursuant to Section 7 of the Contract, ATS was responsible for "Security," which encompasses, as indicated in the Section 7.1 sub-title, "Passenger and Baggage Screening and Reconciliation," and which includes, without limitation, "matching of passengers against established profiles" and "security questioning."  *See* Exhibit A at p. 8.

19.     Pursuant to Article 8 of the 2008 SGHA, (s*ee* Exhibit B at p. 94), ATS further agreed:

> 8.2   The Carrier shall not make any claim against the Handling Company in respect of damage, death, delay, injury or loss to third parties caused by the operation of the Carrier's aircraft arising from an act or omission of the Handling Company in the performance of this Agreement unless done with intent to cause damage, death, delay, injury or loss or recklessly and with knowledge that damage, death, delay, injury or loss would probably result.

20.     Here, Plaintiff specifically alleges in his Petition that the "gate agent's" actions were intentional and were the basis of Plaintiff's allegations (ECF Nos. 1-3).

21.     Specifically, Plaintiff alleges that the "gate agent" approached Plaintiff after Plaintiff had boarded the aircraft and asked Plaintiff to deplane (ECF Nos. 1-3).

22.     Further, Plaintiff alleges that the "gate agent" requested Plaintiff exit the plane, and thereafter interviewed Plaintiff "for over an hour" (ECF Nos.1-3).

23.     Plaintiff also alleges that the "gate agent" stated to Plaintiff that he would be re-booked on a different flight (ECF Nos. 1-3).

24.     The "gate agent" for Frontier Flight 723 on the day of the alleged incident was an ATS employee, not a Frontier employee.

25.     Plaintiff claims that his removal from Flight 723 was a violation of his rights under 49 U.S.C. §40127.

26.     Plaintiff was removed from Flight 723 by an ATS employee.

27.     Plaintiff claims that he was improperly and negligently removed from Flight 723 and such removal was the proximate cause of his injuries and damages.

28.     Plaintiff was removed from Flight 723 by an ATS employee.

29.     Plaintiff specifically names in his Petition the two individuals, Tsegaye Tedbab and Yodit Debass, alleged to have agreed to and attempted to arrange overnight accommodations for Plaintiff (ECF Nos. 1-3).

30.     Plaintiff's cause of action sounding in breach of contract arises from his claims that a contract was created when Tsegaye Tedbab and Yodit Debass attempted to arrange overnight accommodations for Plaintiff.

31.     Both individuals, Tsegave Tedbab and Yodit Debass, are employees of ATS, not employees of Frontier.

32.     On the day of the alleged incident, ATS employees maintained, controlled, directed, supervised and operated the ground handling services for Flight 723 from Washington, D.C. to Denver.

33.     Plaintiff's claims of intentional infliction of emotional distress are based on the above facts.  Some or all of the above facts describe actions taken by ATS employees pursuant to their contract with Frontier, rather than actions taken by Frontier employees.

34.     Under Frontier's contract with ATS, Plaintiff was an intended third-party beneficiary of the contractual relationship between Frontier and ATS.

35. Accordingly, ATS, its agents, servants and employees owed a duty of care to Plaintiff, including the duty to act with the same degree of care that would be exercised by a reasonably cautious and prudent person under the same or similar circumstances.

36. The claims asserted in Plaintiff's Petition are directed at ATS, its agents, servants and employees and their alleged negligence in their operation, maintenance, control, care and supervision of their ground handling services.

37. ATS's acts or omissions with respect to the alleged incident would be the direct and proximate cause of Plaintiff's alleged injuries resulting from violations of 49 U.S.C. §40127.

38. ATS's acts or omissions with respect to the alleged incident would be the direct and proximate cause of Plaintiff's alleged injuries resulting from negligence.

39. ATS's acts or omissions with respect to the alleged incident would be the direct and proximate cause of Plaintiff's alleged injuries resulting from breach of contract.

40. ATS's acts or omissions with respect to the alleged incident would be the direct and proximate cause of Plaintiff's alleged injuries resulting from intentional infliction of emotional distress.

41. ATS's alleged intentional, reckless and wanton acts with respect to the alleged incident would be the direct and proximate cause of Plaintiff's alleged injuries.

## V.
## FIRST CAUSE OF ACTION AGAINST ATS
## (BREACH OF CONTRACT)

42. Frontier restates and incorporates by reference the allegations set forth above, as though they were fully set forth herein.

43. ATS breached its contract with Frontier by failing to provide services pursuant to the contract.

44. While denying all liability, if Frontier is found liable for damages to Plaintiff in connection with the claims asserted in Plaintiff's Petition, and if such liability accrues as a result of a breach of the contractual relationship between Frontier and ATS by Third-Party Defendant ATS, Frontier is entitled to recover from ATS any such damages and all of its costs, including attorney's fees.

## VI.
## SECOND CAUSE OF ACTION AGAINST ATS
## (CONTRACTUAL INDEMNIFICATION)

45. Frontier restates and incorporates by reference the allegations set forth above, as though they were fully set forth herein.

46. ATS breached its contract with Frontier by failing to provide services pursuant to the contract.

47. While denying all liability, if Frontier is found liable for damages to Plaintiff in connection with the claims asserted in Plaintiff's Petition, and if such liability accrues as a result of a breach of the contractual relationship between Frontier and ATS or the wrongful and/or negligent conduct of ATS, Frontier is entitled to indemnification from ATS for any such damages and all of its costs, including attorney's fees.

## VII.
## THIRD CAUSE OF ACTION AGAINST ATS
## (NEGLIGENCE)

48. Frontier restates and incorporates by reference the allegations set forth above, as though they were fully set forth herein.

49. ATS was obligated to exercise due care in providing the ground handling services pursuant to its contract with Frontier.

50. In the event and to the extent that any party is adjudged to have any liability to Plaintiff with respect to any claims asserted in Plaintiff's Petition, ATS's agents, servants and employees acted

negligently in their operation, maintenance, control, care and supervision of ground handling services and personnel.

51. ATS's conduct was the direct and proximate cause of Plaintiff's injuries.

## VIII.
## FOURTH CAUSE OF ACTION AGAINST ATS
## (CONTRIBUTION)

52. Frontier restates and incorporates by reference the allegations set forth above, as though they were fully set forth herein.

53. ATS breached its contract with Frontier by failing to provide services pursuant to the contract. In the event and to the extent that any party is adjudged to have any liability to Plaintiff with respect to any claims asserted in Plaintiff's Petition, ATS's agents, servants and employees acted negligently in their operation, maintenance, control, care and supervision of their ground services and personnel.

54. In the event and to the extent that Frontier is adjudged to have any liability to Plaintiff with respect to any claims asserted in Plaintiff's Petition, Frontier is entitled to contribution from ATS, for such portion of the judgment, in whole or in part, that is attributable to ATS's conduct.

WHEREFORE, Defendant/Third-Party Plaintiff Frontier Airlines, Inc., demands judgment on its claims against Third-Party Defendant ATS and requests such other relief as the Court deems just, proper and equitable.

DATED:  March 19, 2018

                                               Respectfully submitted,

By: */s/ Patrick J. Comerford*
     Patrick J. Comerford
     State Bar No. 24096724

**SMITH  ROBERTSON, LLP**
221 West Sixth Street, Suite 1100
Austin, Texas 78701
Telephone:  (512) 225-5810
Telecopier:  (512) 225-5838
Email: pcomerford@smith-robertson.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

     I hereby certify that on March 19, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following, and I further certify that I have served the foregoing by email.

THE PARENT LAW FIRM PLLC
Robert W. Piatt, III
1807 San Pedro – Rear Suite
San Antonio, Texas 78212
*bob@parent-law.com*